UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                                      :
UNITED STATES OF AMERICA,                             :
                                                      :
                        Respondent,                   :
                                                      :          16-CR-49-1 (VSB)
                - against -                            :          17-CV-5116 (VSB)
                                                      :
JASON PEREZ,                                           :          **OPINION & ORDER**
                                                      :
                Defendant-Petitioner.                 :
                                                      :
--------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

        Defendant-Petitioner Jason Perez ("Perez") pled guilty to (1) being a felon in possession

of a firearm; (2) possessing heroin and cocaine with intent to distribute, and (3) possessing a

firearm in connection with the narcotics offense.  Before me are Perez's motions to (i) vacate, set

aside, or correct his sentence under 28 U.S.C. § 2255 and (ii) for compassionate release under 18

U.S.C. § 3582.  Because Perez knew he was a felon at the time of his guilty plea, and because

Perez's trial counsel was not constitutionally ineffective, Perez's § 2255 motion is DENIED.

Additionally, because Perez has not demonstrated extraordinary and compelling reasons

warranting his early release, his compassionate release motion is DENIED.

        I.        **Background**[1]

        In the early morning on November 21, 2015, officers from the New York City Police

Department ("NYPD") received a call to respond to a domestic violence incident.  (Doc. 38

("PSR") ¶ 8.)  In a phone call, the victim told the officers that her boyfriend had choked her in

_____

[1] The factual background herein is drawn from Perez's Revised Final Presentence Investigation Report.  (Doc. 38.)
Unless otherwise noted, all record citations in this Opinion & Order refer to the docket in Perez's criminal case, No.
16-CR-49-1 (VSB).

her Bronx apartment then fled in a gray Toyota Camry. (*Id*.) Patrolling the vicinity of the apartment, officers spotted a gray Camry driving slowly, and the driver matched the victim's physical description of her boyfriend. (*Id*. ¶ 9.) The officers pulled over the Camry, observing that the driver—Perez—had a cut on his face. (*Id*.) After the officers ordered Perez out of the car, one noticed a small bag of narcotics, then recovered a .32 caliber round from the floor behind the driver's seat. (*Id*.) After frisking Perez, the officers recovered more .32 caliber rounds from his sweatshirt. (*Id*.) Later, an officer performing an inventory search of the Camry recovered a New England Firearms R73 .32 caliber revolver with a defaced serial number, 41 rounds of .32 caliber ammunition, and several bags of narcotics, including over 100 grams of mixtures and substances containing heroin and approximately 178 grams of mixtures and substances containing cocaine. (*Id*. ¶¶ 10, 13–14.)

On the date of the instant offenses, Perez had a number of prior felony convictions. On October 15, 2008, Perez was convicted in the Bronx County Supreme Court of attempted gang assault in the second degree, a felony, in violation of New York Penal Law § 120.06, and he was sentenced to one-year imprisonment. (*Id*. ¶¶ 15, 45.) On June 1, 2011, Perez was convicted in Westchester County Court of attempted criminal possession of a controlled substance in the third degree, a felony, in violation of New York Penal Law § 220.16, and he was sentenced to four years' imprisonment, paroled on July 23, 2014, had his parole revoked on March 13, 2015, and was reparoled on June 30, 2015. (*Id*. ¶¶ 15, 47.) On September 1, 2011, he was convicted in the Bronx County Supreme Court of attempted criminal possession of a controlled substance in the fourth degree, a felony, in violation of New York Penal Law § 220.09, and he was sentenced to thirty-months' imprisonment and paroled on June 30, 2015. (PSR ¶¶ 15, 46.)

On December 14, 2015, Magistrate Judge Frank Maas signed a criminal complaint alleging that Perez committed one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and (g)(2), one count of possession of narcotics with intent to distribute in violation of 21 U.S.C. §§ 812, 841(b)(1)(B), and 841(b)(1)(C) and 18 U.S.C. § 2, and one count of possessing a firearm in connection with a narcotics offense in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (c)(2).  (*See* Doc. 1 ("Complaint").)  Judge Maas issued an arrest warrant the same day.  (*See* Doc. 2.)  Perez was arrested on January 11, 2016.  (*See* Dinute Entry dated Jan. 11, 2016.)  On January 21, 2016, a grand jury returned an indictment charging Perez with the three counts in the complaint.  (Doc. 6 ("Indictment").)  Perez pled guilty to the three counts of the indictment on September 30, 2016.  (*See* Doc. 32 ("Plea Tr.").)

Perez's Guidelines range was 262 to 327 months' imprisonment.  (PSR ¶ 79.)  On March 3, 2017, I sentenced Perez to a total of 144 months of imprisonment—84 months on the felon-in-possession and narcotics counts and 60 months on the § 924(c) count to be served consecutively to the felon-in-possession charge and narcotics charge—followed by a total of 4 years of supervised release.  (Doc. 41 ("Sent'g Tr.") at 59:18-24, 61:6-8.)  The sentence I imposed was a substantial variance from Perez's Guidelines range.

On July 6, 2017, Perez filed a motion under 28 U.S.C. § 2255, (Doc. 44), along with a memorandum of law, (Doc. 45 ("1st Mot.")), arguing that his counsel was ineffective for failing to file a timely notice of appeal and for failing to raise various arguments during proceedings before this Court.  The filing of the § 2255 motion initiated civil case No. 17-CV-5116.

On July 10, 2017, and again on August 18, 2020, I granted Perez leave to file a late notice of appeal.  (Docs. 46, 48).  The Court of Appeals affirmed Perez's judgment of conviction and

his sentence, *see United States v. Perez*, No. 20-3067, 2021 WL 5105834 (2d Cir. Nov. 3, 2021),

and the mandate issued on November 24, 2021, (Doc. 53).

On March 14, 2022, Perez filed an amended § 2255 motion.  (Doc. 54 ("2d Mot.").)  The

Government filed its opposition on April 12, 2022.  (Doc. 56 ("Opp'n").)  On May 31, 2022,

Perez filed a motion for compassionate release.  (Doc. 57 ("CR Mot.").)  The Government did

not file an opposition.

## II.    <u>Habeas Motion (28 U.S.C. § 2255)</u>

### A. *Legal Standard*

A person "in custody under the sentence of a [federal] court" may move under 28 U.S.C.

§ 2255 "to vacate, set aside or correct" his sentence on the grounds that it "was imposed in

violation of the Constitution or laws of the United States."  *Id*. § 2255(a).  A court may not reach

the merits of a § 2255 motion "where the petitioner failed to properly raise the claim on direct

review," except for "claims of ineffective assistance of counsel."  *Zhang v. United States*, 506

F.3d 162, 166 (2d Cir. 2007) (citing *Reed v. Farley,* 512 U.S. 339, 354 (1994); *Massaro v. United

States,* 538 U.S. 500, 505–06 (2003)).  Once the petitioner clears any procedural hurdles, a court

must "[g]enerally" hold a hearing on the merits, "'unless the motion and the files and records of

the case conclusively show that the prisoner is entitled to no relief.'"  *United States v. Godfrey*,

616 F. Supp. 3d 267, 273 (S.D.N.Y. 2022) (quoting 28 U.S.C. § 2255(b)).  Where the asserted

basis for relief is ineffective assistance of counsel, a hearing is required "where the petitioner has

made a plausible claim."  *Morales v. United States*, 635 F.3d 39, 45 (2d Cir. 2011) (internal

quotation marks omitted).  The petitioner in a § 2255 proceeding bears the burden of proof by a

preponderance of the evidence.  *See Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)

(citing *Parke v. Raley*, 506 U.S. 20, 31 (1992)).

A petitioner proceeding pro se is entitled to have his petition "read liberally and [] interpreted to raise the strongest arguments that [it] suggest[s]." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (internal quotation marks omitted).  Further, pro se habeas petitions "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).  The liberal construction requirements for pro se litigants carry particular weight when courts consider habeas filings, given that "[t]he writ of habeas corpus plays a vital role in protecting constitutional rights." *Simmons v. United States*, 142 S. Ct. 23, 25 (2021) (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)).

## B.  *Discussion*

Perez's § 2255 motion is denied without a hearing, because the record conclusively demonstrates he is not entitled to relief.

### 1.  Knowledge of Prohibited Status

Perez argues that he is entitled to habeas relief based on the Supreme Court's decision in *Rehaif v. United States*, 588 U.S. 225 (2019).  Perez pled guilty to violating 18 U.S.C. § 922(g)(1), which prohibits a person "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year" from possessing a firearm or ammunition.  *Id*. § 922(g)(1).  In *Rehaif*, the Court held that "in a prosecution under 18 U.S.C. § 922(g) . . . the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."  588 U.S. at 237.  Perez's indictment did not allege that he knew that he was a felon. (*See* Indictment.)  Thus, he now argues that his conviction was defective under *Rehaif*.

Perez is wrong.  I questioned Perez during his change-of-plea hearing on the conduct that made him believe he was guilty of the charges in the Indictment.  Perez stated, "I was a convicted felon," (Plea Tr. 22:22; *see also id*. 24:24–25:1 (same)), and later answered "Yes, sir," when I asked him whether, at the time, he "knew that [having the gun] was wrong" (*id*. 23:1-3).[2] These "sworn statements" foreclose any challenge based on *Rehaif*, because they establish that Perez knew that he was a felon when he (knowingly) possessed the firearm.  *United States v. Sumlin*, No. 18-CR-682, 2020 WL 3318207, at *4 (S.D.N.Y. June 18, 2020); *cf. id*. (denying § 2255 petition based on *Rehaif* because the defendant stated during his plea that "[a]t the time" of his arrest with a firearm "I was previously convicted of a felony . . . I knew I was wrong, and I knew what I was doing was wrong and illegal"); *United States v. Alvalle*, No. 18-CR-455, 2021 WL 2435320, at *3 (S.D.N.Y. June 15, 2021) (same based on defendant's statement that he "possessed a firearm after having been previously convicted of a felony offense" and "knew that what [he] was doing was wrong"); *United States v. Murphy*, No. 18-CR-848, 2022 WL 2110685, at *9 (S.D.N.Y. May 16, 2022) (same based on defendant's statements that "I possessed a firearm in Bronx New York[,] I was a convicted felon at the time[, and] I knew it was wrong"), *report and recommendation adopted*, 2022 WL 2106251 (S.D.N.Y. June 10, 2022).  Given these statements, it is unsurprising Perez did not raise his *Rehaif* argument on direct appeal, even though he filed the appeal over fourteen months after the Supreme Court decided the case, and filed his opening appellate brief twenty-two months after the Court's decision.  *Compare Rehaif*, 588 U.S. at 225 (decided June 21, 2019), *with* Doc. 49 (notice of appeal filed Sept. 3, 2020), *and* Appellant Br., *United States v. Perez*, No. 20-3067, 2021 WL 1578381 (2d Cir. filed Apr. 21,

---

[2] The Government's brief mistakenly concedes that Perez did not "allocute to [the] fact" that "he knew he was a previously convicted felon . . . during his guilty plea."  (Opp'n 21.)

2021).  Perez therefore procedurally defaulted his *Rehaif* argument, and because that argument

"would undoubtedly fail on the merits," it cannot be grounds for § 2255 relief.  *Sumlin*, 2020 WL

3318207, at *4.

        Perez argues that under *Rehaif*, the Government must prove not only that he knew he was

a felon, but "that being a previously convicted felon placed him in a category of persons barred

from possessing a firearm."  (2d Mot. 4.)  Perez is wrong on this point as well.  The Second

Circuit has explained that "a felon need not specifically know that it is illegal for him to possess

a firearm under federal law," rather, "*Rehaif* requires him to know, at the time he possessed the

firearm, that he "ha[d] been convicted in any court of[] a crime punishable by imprisonment for a

term exceeding one year."  *United States v. Bryant*, 976 F.3d 165, 172–73 (2d Cir. 2020) (quoting

18 U.S.C. § 922(g)(1)).  As discussed, Perez admitted to that knowledge during his plea hearing.

Further, given that Perez had twice received sentences of imprisonment of over one year, (*see*

PSR ¶¶ 15, 46–47), he "obviously [was] aware that" his prior convictions were "punishable by

more than one year in jail."  *Bryant*, 976 F.3d at 175; *see also United States v. Miller*, 954 F.3d

551, 560 (2d Cir. 2020) (concluding that defendant's prior three-year incarceration "remove[d]

any doubt that [he] was aware of his membership in § 922(g)(1)'s class").

        Perez's *Rehaif* challenge therefore fails.

### 2.  Ineffective Assistance of Counsel

        Perez also argues that various actions or inactions of his attorney in the trial court

constituted ineffective assistance of counsel.  None of Perez's challenges constitute ineffective

assistance.

        Ineffective-assistance claims are governed by *Strickland v. Washington*, 466 U.S. 668

(1984) and its progeny.  To obtain relief, a defendant must demonstrate "(1) that counsel's

performance was so unreasonable under prevailing professional norms that counsel was not

functioning as the counsel guaranteed the defendant by the Sixth Amendment; and (2) that

counsel's ineffectiveness prejudiced the defendant such that there is a reasonable probability that,

but for counsel's unprofessional errors, the result of the proceeding would have been different."

*United States v. Habbas*, 527 F.3d 266, 273 (2d Cir. 2008) (quoting *United States v. Gaskin*, 364

F.3d 438, 468 (2d Cir. 2004)).  Although a petitioner must satisfy both prongs to obtain relief, the

Supreme Court has stated that "there is no reason for a court deciding an ineffective assistance

claim . . . to address both components of the inquiry if the defendant makes an insufficient

showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of

sufficient prejudice, which we expect will often be so, that course should be followed."

*Strickland*, 466 U.S. at 697; *see also Brown v. Artuz*, 124 F.3d 73, 80 (2d Cir. 1997) (declining to

remand for a finding on the first prong of *Strickland* on the ground that the defendant could not

satisfy the prejudice prong).  "Counsel cannot be ineffective for failing to raise meritless

arguments."  *Wright v. U. PO*, No. 10-CV-5127, 2021 WL 2779451, at *16 n.31 (E.D.N.Y. July

2, 2021) (citing *Lafler v. Cooper*, 566 U.S. 156, 167 (2012); *United States v. Fusco*, 560 F. App'x

43, 46 (2d Cir. 2014)).[3]

### a.    Failure to Challenge the § 924(c) Count

I first address Perez's argument that his trial attorney was ineffective because he advised

Perez to plead guilty to the § 924(c) charge even though Perez's firearm was inoperable, and he

---

[3] When a pro se petitioner raises a claim of ineffective assistance of counsel, courts sometimes order the attorneys alleged to be ineffective to provide affidavits responding to the petitioner's allegations.  *See, e.g.*, *Rivera v. United States*, No. 13-CR-424, 2019 WL 1284271, at *1 (S.D.N.Y. Mar. 20, 2019).  Perez did not submit an attorney affidavit here, nor did I order his attorney to submit one.  However, in general, attorney affidavits are relevant to the deficient-performance prong of *Strickland*, not the prejudice prong.  *See, e.g.*, *Turner v. Sabourin*, 217 F.R.D. 136, 144–45 (E.D.N.Y. 2003) (examining counsel's performance using attorney affidavit).  Because I find that Perez's arguments would have failed had his attorney raised them before me or in any appeal—*i.e.*, that any deficient performance did not prejudice Perez—his attorney's affidavit would not change the outcome of my decision.

"explained to [his attorney] that he never actively employed [his] gun in furtherance of his drug trafficking crime." (2d Mot. 8; *see also* 1st Mot. 12–13.) Perez's assertion is inconsistent with his statements during his guilty plea. Specifically, Perez answered affirmatively when I asked him whether he "had [the] gun in connection with your drugs . . . to help you either to protect or to make sure that no one robbed you." (Plea Tr. 24:18-23.) Further, the officers recovered the firearm and the ammunition from the center console of the Camry along with multiple bags of cocaine and heroin, (*see* PSR ¶ 10), and "a drug dealer may be punished under § 924(c)(1)(A) where the charged weapon is readily accessible to protect drugs, drug proceeds, or the drug dealer himself," *United States v. Snow*, 462 F.3d 55, 62–63 (2d Cir. 2006). Additionally, "[t]here is no prerequisite that [a] gun be operable to be a 'firearm' under 18 U.S.C. § 924(c)." *United States v. Hawkins*, No. 21-CR-414-1, 2025 WL 522502, at *8 (S.D.N.Y. Feb. 18, 2025) (quoting *United States* v. *Castillo*, 406 F.3d 806, 817 n.3 (7th Cir. 2005), and citing *United States* v. *Gravel*, 645 F.3d 549, 552 (2d Cir. 2011) (per curiam)). For these reasons, Perez's sufficiency arguments are inconsistent with and contradicted by the evidence in the record, and would have failed on appeal. Trial counsel was therefore not ineffective for declining to raise them, and Perez was not prejudiced by that decision. *See Fusco*, 560 F. App'x at 46.

### b.  Failure to Contest the Adequacy of the Guilty Plea

Next, Perez asserts that trial counsel did not "fully" explain to Perez before his guilty plea that the Government would have had to prove the amount of drugs involved in his narcotics-distribution charge at trial, and that therefore counsel was ineffective for failing to challenge the adequacy of the guilty plea. (1st Mot. 12.) To the contrary, at Perez's plea hearing, he answered "Yes" when I confirmed his understanding that he was waiving the rights to cross-examine witnesses, object to the Government's evidence, or seek suppression of the Government's

evidence.  (Plea Tr. 8:4-13, 9:3-6.)  After the Government recited the elements of the narcotics

count—including the drug-quantity element—Perez affirmed that he understood the Government

bore the burden of proof at trial on those elements beyond a reasonable doubt.  (*Id*. 11:9-16,

12:2-8.)  Later, Perez stated that he "possessed heroin and cocaine with intent to distribute."  (*Id*.

22:23-24.)  Then, after the Government proffered its evidence that Perez "possessed . . . over 100

grams of heroin, and approximately 170 grams of cocaine," Perez affirmed that he was waiving

his right to challenge this evidence.  (*Id*. 25:23-25, 26:11-14.)  Additionally, during sentencing,

Perez affirmed that he had read and found no errors in the Presentence Report, which included as

factual findings that he "possessed 147.45 grams of heroin and 178.04 grams of cocaine."  (PSR

¶ 28; Sent'g Tr. 3–4.)

Perez "may not overcome the obstacle posed by his own sworn guilty plea hearing

testimony . . . simply by making a broad, general statement contradicting it."  *United States v.

Amirouche*, 748 F. Supp. 3d 110, 126 (E.D.N.Y. 2024).  Rather, "'[s]olemn declarations in open

court' made at a guilty plea hearing 'carry a strong presumption of verity,' and contrary

allegations that are 'unsupported by specifics' or 'wholly incredible' in light of the record are

'subject to summary dismissal.'"  *Id*. (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Perez offers nothing but broad, general assertions to contradict his sworn statements during his

guilty plea hearing.  His argument therefore fails.

### c.  Failure to Raise Mental Illness or Defect Arguments

Perez, referencing portions of his PSR summarizing his traumatic childhood, family

history of illness, and personal drug use, claims that his attorney was ineffective for failing to

seek a competency evaluation or to hire a mitigation expert for sentencing.  (1st Mot. 10–11.)

Perez's PSR reflected that his parents abused heroin; that Perez used alcohol, marijuana, and

ecstasy relatively frequently; and that he had been treated in the past for depression and anger management.  (PSR ¶¶ 59–70.)

With regard to competence, Perez's criminal history outlined in the PSR does not reflect that Perez exhibited competency issues in connection with his prior criminal cases.  (*See* PSR ¶¶ 43-51.)  The PSR also does not suggest that Perez's struggles with drugs or mental health in any way affected his competence to appear in court.  (*See* PSR ¶¶ 59–70 (no mention of competency issues).)

Moreover, I also found Perez competent to enter an informed guilty plea based in part on my observations and Perez's responses to my questions.  (*See* Plea Tr. 5.)  Specifically, during his plea hearing, Perez stated that he understood the proceedings, had never been under the care of a psychiatrist or treated for any addiction issues, and that his mind was clear.  (*See* Plea Tr. 4–5.)  Nothing that was raised in Perez's PSR regarding his background, nor during my allocution of Perez during his guilty plea, suggests either that Perez was incompetent or that a mitigation expert would have likely resulted in a different sentence.  These facts do not support an argument that Perez was not competent or even exhibited issues related to competency that would have suggested to his attorney to consider having him tested.

In these circumstances, for Perez's ineffectiveness argument to succeed, he must present "evidentiary facts" suggesting his incompetence, and here he presents only "bald allegation[s]." *Newfield v. United States,* 565 F.2d 203, 207 (2d Cir. 1977).  Courts regularly deny ineffectiveness claims where, as here, the defendant raises conclusory assertions of purported incompetence only after being found competent to plead guilty and having his mental health evaluated in the PSR.  *E.g.*, *Chavez v. United States*, 764 F. Supp. 2d 638, 643 (S.D.N.Y. 2011) (denying claim where the defendant offered only the "conclusory statements" that "he was

severely depressed and routinely under the influence of narcotics and alcohol, and that his depression was so severe that it distorted his ability to make rational decisions"); *Lorenzana v. United States*, No. 11-CV-6153, 2012 WL 4462006, at *5 (S.D.N.Y. Sept. 27, 2012) (denying claim based on "conclusory statements" where "nothing in the record, including the presentence report and accompanying medical evaluation . . . , raise[d] any questions as to [the defendant's] competency"); *Robinson v. United States*, No. 18-CR-373, 2021 WL 568171, at *5–6 (S.D.N.Y. Feb. 16, 2021) (denying claim where defendant offered "conclusory assertion[s]" of incompetence after the Court had "carefully assessed [the defendant's] competency" during the guilty plea and the PSR "did not indicate [his] competency was in question").

However, even if I consider the merits of Perez's arguments, he fails to establish that his attorney was ineffective. Specifically, with regard to providing me with information related to Perez's background prior to and during his sentencing, trial counsel's performance was not ineffective. To the contrary, both in briefing, (Doc. 37 ("Sent'g Br.") at 5–9), and at the sentencing hearing, (Sent'g Tr. 35:22–40:9), trial counsel effectively communicated Perez's difficult family circumstances and their relevance to the § 3553(a) factors. In other words, the PSR and Perez's attorney detailed many of facts that a mitigation expert would have identified.

Moreover, Perez has not put forward "any objective evidence to show that [a mitigation] expert would have provided testimony helpful to the defense," *i.e.*, that would have led to a more favorable result at sentencing. *Abakporo v. United States*, No. 18-CV-842, 2023 WL 8126349, at *16 (S.D.N.Y. Jan. 24, 2023); *see also id.* (citing *United States v. Leaks*, 841 F. Supp. 536, 545 (S.D.N.Y. 1994); *United States v. Morales*, 1 F. Supp. 2d 389, 393 (S.D.N.Y. 1998); *Murden v. Artuz*, 253 F. Supp. 2d 376, 389 (E.D.N.Y. 2001)). Perez therefore has not satisfied either the

deficient-performance or prejudice prongs of *Strickland*, and thus fails to show he is entitled to relief.

          d.   <u>Failure to Challenge Certain Prior Convictions and Specific Offense Characteristics</u>

Next, I address Perez's argument that his counsel was ineffective for failing to challenge the number of criminal-history points assigned to certain of his prior offenses, and certain of the points he received for specific characteristics of his offense. (1st Mot. 9–10.)

*First*, Perez argues that his conviction for committing first-degree gang assault in September 2000 should have resulted in zero criminal-history points (rather than the three he received) because he committed the offense as a juvenile and was released from confinement more than five years prior to his offense of conviction. (*Id*. 9; *see* PSR ¶ 43.) For offenses committed when a defendant was younger than eighteen, the United States Sentencing Commission Guidelines Manual ("USSG") § 4A1.2(d) instructs sentencing courts to add three points "[i]f the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month," *id*. § 4A1.2(d)(1), to add two points "for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense," *id*. § 4A1.2(d)(2)(A), and to otherwise add one point "for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense," *id*. § 4A1.2(d)(2)(B).

Perez "was convicted as an adult" within the meaning of USSG § 4A1.2(d)(1) for the September 2000 offense because his court of conviction was the New York Supreme Court, Bronx County, which is "an adult court." *United States v. Simmon*, No. 13-CR-855, 2015 WL 4557453, at *6 (S.D.N.Y. July 28, 2015); *accord United States v. Cruz*, 136 F. App'x 386, 388 (2d Cir. 2005) (summary order); *United States v. Amante*, 256 F. App'x 434, 435 (2d Cir. 2007)

(summary order); *see also United States v. Cuello*, 357 F.3d 162, 167 (2d Cir. 2004) ("[A] court may consider a defendant's eligible past conviction . . . where . . . the defendant although under age eighteen was tried in an adult court, convicted as an adult, and received and served a sentence exceeding one year and one month in an adult prison." (quoting *United States v. Driskell*, 277 F.3d 150, 154 (2d Cir. 2002))).  Although Perez was originally sentenced to five years' probation, in October 2005 he was resentenced to one-to-three years' imprisonment, and thus, under USSG § 4A1.2(d)(1), properly received three criminal-history points for this conviction.  *Cf. Simmon*, 2015 WL 4557453, at *6 ("[B]ecause Defendant was convicted in an adult court in 2000 of first degree robbery, ultimately received a sentence exceeding one year and one month, and served that sentence in an adult facility, this Court will treat Defendant's 2000 youthful offender adjudication as an 'adult conviction' for purposes of [USSG §] 4A1.2(d)(1).").

*Second*, Perez argues that it was incorrect to assign two criminal-history points to his conviction for committing third-degree assault in March 2011, claiming this conviction "was consolidated with" his conviction for attempted criminal possession of a controlled substance committed in December 2009.  (1st Mot. 9, *see* PSR ¶¶ 46, 48.)[4]  Perez was sentenced for each of these offenses on the same day, October 27, 2011.  (*See* PSR ¶¶ 46, 48.)  USSG § 4A1.2(a)(2), however, instructs that "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense)."  Perez was arrested for the

---

[4] Perez additionally argues that his terms of imprisonment for the March 2011 offense and for an earlier October 2006 offense, (PSR ¶¶ 45, 48), "did not exceed a year and a month sentence to qualify []as a [career-criminal] enhancement under [*United States*] *v. Simmons*, 649 F.3d 237 (4th Cir. 2011)," (1st Mot. 9).  *Simmons*, however, related to "a sentencing enhancement under the Controlled Substances Act," not the calculation of criminal-history points under USSG § 4A1.  649 F.3d at 239.  It also evaluated convictions under certain North Carolina statutes, not Perez's New York statutes of conviction.  *See id.*  In any case, Perez properly received two criminal-history points for the October 2006 and March 2011 offenses because, for each, he received a sentence of "at least sixty days" but not "exceeding one year and one month."  USSG § 4A1.1(a)–(b).

criminal-possession offense on December 20, 2009, (PSR ¶ 46), and committed the third-degree assault offense on March 18, 2011, (*id*. ¶ 48). The two offenses were also separated by Perez's May 5, 2010 arrest for selling cocaine in Westchester County. (*Id*. ¶ 47.) Thus, each offense was properly counted separately under the Sentencing Guidelines.

*Third*, Perez asserts that he should not have received any criminal-history points for his convictions for which he received a sentence of less than 60 days' imprisonment, and that he should have received one, rather than two, criminal-history points for his second-degree menacing conviction. (1st Mot. 10; *see* PSR ¶¶ 49–51.) With regard to the menacing conviction, the PSR indicates Perez was sentenced to 90 days' imprisonment, which corresponds to two criminal-history points under USSG § 4A1.1(b). With regard to the criminal history points allotted for Perez's sentences of less than 60 days, USSG § 4A1.1(c) instructs courts to add one criminal-history point for each prior sentence not greater than sixty days, up to a total of four points. Thus, Perez's arguments are meritless.

*Fourth*, Perez claims that it was an error to add two points to his criminal-history score because he "committed the instant offense while under a criminal justice sentence," (PSR ¶ 53), *see* USSG § 4A1.1(e), and an error to apply an enhancement to the offense level because "the firearm had an altered or obliterated serial number," (PSR ¶ 23), *see* USSG § 2K2.1(b)(4). Perez does not, however, explain why this was an error given he was on probation at the time the officers encountered him in the Camry, (*see* PSR ¶ 47), and in light of his statement during his plea hearing that the firearm had an obliterated serial number, (Plea Tr. 25:2-4).

It was not ineffective assistance of counsel for Perez's attorney to decline to assert these arguments during sentencing or on appeal, as none of them would have succeeded.

e.  Failure to Object to Lack of § 851 Notice

Perez's next ground for ineffective assistance is that his attorney failed to raise the

argument that the Government did not satisfy 21 U.S.C. § 851(a)'s notice requirement, (1st Mot.

7–8), which requires the Government to file a "prior felony information" before seeking to

increase a defendant's "'*statutory* minimum or maximum penalty . . . by virtue of his criminal

history.'"  *United States v. Ramirez*, 454 F.3d 380, 381 (2d Cir. 2006) (quoting *United States v.

Whitaker,* 938 F.2d 1551, 1552 (2d Cir. 1991)); *see also United States v. LaBonte*, 520 U.S. 751,

754 n.1 (1997) ("[A]n enhanced penalty . . . may not be imposed unless the Government files an

information notifying the defendant in advance of trial (or prior to the acceptance of a plea) that

it will rely on that defendant's prior convictions to seek a penalty enhancement.").

This argument fails.  Perez's criminal history did not affect either his statutory minimum

sentence, which was ten years, or his statutory maximum sentence, which was life.  (*See* PSR

¶¶ 77–78 (minimum sentence of five years Count 2, minimum sentence of five years on Count 3

to be served consecutively; maximum sentence of life on Count 3).)  Rather, his criminal history

score and the career-offender enhancement, USSG § 4B1.1, resulted in a criminal history

category of VI and a guidelines range of 262 to 327 months—less than the statutory maximum.

(PSR ¶¶ 54–55, 77–79.)  Binding precedent therefore forecloses Perez's argument.  In *United

States v. Ramirez*, the Second Circuit held that § 851(a) does not require notice "where a

defendant, by virtue of his criminal history, receives an increased sentence under the Sentencing

Guidelines *within* the statutory range."  454 F.3d at 381 (quoting *Whitaker*, 938 F.2d at 1552).

Here, as in *Ramirez*, the prior convictions were used to apply the USSG § 4B1.1 career-offender

enhancement—which did not affect the statutory sentencing range—and Perez's "prior

convictions . . . were detailed in the presentence report and the Government's sentencing letter

pursuant to *United States v. Pimentel,* 932 F.2d 1029 (2d Cir. 1991), thus providing [Perez] with

'ample notice prior to sentencing that these convictions would be considered.'" *Ramirez*, 454

F.3d at 382 (quoting *Whitaker*, 938 F.2d at 1553).

Perez's argument would have failed if raised during sentencing or on appeal, and

therefore his attorney was not ineffective for declining to raise it.

### f.   Failure to File Notice of Appeal

Finally, Perez asserts it was ineffective for his counsel not to file a notice of appeal on his

behalf.  However, Perez eventually filed a notice of appeal, (Doc. 49), and the Second Circuit

issued a decision on the merits of that appeal.  *See Perez*, 2021 WL 5105834, at *1–2.  Because

Perez "actually appealed," and does not attempt to show how he was prejudiced by the delayed

consideration of his appeal, his argument fails the second *Strickland* prong.  *Thomas v. United*

*States*, 93 F.4th 62, 66 (2d Cir. 2024) (per curiam) (quoting *Garcia v. United States*, 278 F.3d

134, 138 (2d Cir. 2002)).

In sum, all of Perez's ineffective-assistance arguments fail.  His § 2255 motion is

therefore DENIED.

### III.   **Compassionate Release Motion (18 U.S.C. § 3582)**

#### A.  *Legal Standard*

"A court may not modify a term of imprisonment once it has been imposed except

pursuant to statute."  *United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020).  Section

3582(c)(1)(A)(i) of title 18 of the United States Code, the compassionate release statute, provides

one such exception.  "To obtain compassionate release, a defendant must first have 'fully

exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion

on the defendant's behalf' or allowed 'the lapse of 30 days from the receipt of such a request by

the warden of the defendant's facility' before bringing his motion." *United States v. Van Putten*, 726 F. Supp. 3d 245, 251 (S.D.N.Y. 2024) (quoting 18 U.S.C. § 3582(c)(1)(A)). A court may then "reduce" a term of imprisonment "if it finds that (1) the defendant's circumstances present extraordinary and compelling reasons to warrant a reduction, (2) the factors proscribed in 18 U.S.C. § 3553(a) do not outweigh such extraordinary and compelling reasons, and (3) a reduction would be consistent with the relevant policy statements of the Sentencing Commission, *i.e.*, the policy statement in [USSG] § 1B1.13." *Van Putten*, 726 F. Supp. 3d at 251 (citing 18 U.S.C. § 3582(c)(1)(A)).

"[USSG] § 1B1.13(b) enumerates six circumstances that, when considered either individually or in combination, a court may find amount to extraordinary and compelling reasons." *United States v. Garcia*, 758 F. Supp. 3d 47, 51 (E.D.N.Y. Dec. 4, 2024). Specifically, the policy statement provides that any of the following may be relevant to a finding of extraordinary and compelling circumstances: (1) the "medical circumstances of the defendant"; (2) the defendant is "at least 65 years old," is "deteriorat[ing]" with age, and has served the lesser of 10 years or 75% of his sentence; (3) the "family circumstances of the defendant"; (4) whether the defendant was physically or sexually abused while in custody; (5) whether "any other circumstance or combination of circumstances" exist that "are similar in gravity" to the preceding four circumstances; and/or (6) the "defendant received an unusually long sentence and has served at least 10 years" and a subsequent change in law "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." USSG § 1B1.13(b)(1)–(6). "[Section] 1B1.13 also provides that a court should reduce a defendant's sentence only after determining that 'the defendant is not a danger to the safety of any other person or to the community.'" *Garcia*, 758 F. Supp. 3d at 52.

The factors set forth in 18 U.S.C. § 3553(a) to be considered when considering a motion for compassionate release include, among other things, "the nature and circumstances of the offense;" "the history and characteristics of the defendant;" "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" "the kinds of sentences available;" and "the need to avoid unwarranted sentence disparities." *See* 18 U.S.C. § 3582(c)(1)(A) (citing 18 U.S.C. § 3553(a)). It is the defendant's burden to show "extraordinary and compelling circumstances and that a reduction is warranted under [the] § 3553(a) sentencing factors." *Garcia*, 758 F. Supp. 3d at 52 (citing *United States v. Jones*, 17 F.4th 371, 375 (2d Cir. 2021)). "[A] district court's discretion in this area—as in all sentencing matters—is broad." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

## B. *Discussion*

Perez exhausted his administrative remedies with the Bureau of Prisons by filing a request for compassionate release on May 9, 2022 with the BOP, and the BOP denied his request on May 16, 2022. (*See* CR Mot. 9–11.) The Government does not dispute that Perez exhausted his administrative remedies. Perez now raises three arguments that he believes justify a reduction of his sentence to time served, none of which succeed.

Perez first argues that he is "actually innocent" of his § 924(g) count, raising the same mens rea argument asserted in his § 2255 motion. (CR Mot. 1.) *See supra* § II.B.1. Assuming that this argument is cognizable in a compassionate release motion, it fails for the reasons discussed above, namely that Perez admitted to knowing he was a felon prohibited from possessing a firearm at his plea hearing.

Perez also argues that his exposure to COVID-19 while incarcerated is an extraordinary and compelling reason warranting release. "At this point in time, 'the harshness of the pandemic and any risk to Defendant's health have now been mitigated to the point that they do not provide extraordinary and compelling reasons for a sentence reduction.'" *United States v. Dilone*, No. 17-CR-707, 2025 WL 1135643, at *5 (S.D.N.Y. Apr. 17, 2025) (quoting *United States v. Zelaya-Romero*, No. 15-CR-174, 2024 WL 1598209, at *3 (S.D.N.Y. Apr. 12, 2024) (alterations adopted)). Perez also "does not claim to have 'medical conditions' causing him to be particularly vulnerable to a 'risk of contracting the virus' that may have one point warranted closer consideration of this circumstance." *Id*. (quoting *United States v. Castelle*, 18-CR-15, 2021 WL 1199471, at *3 (S.D.N.Y. Mar. 30, 2021)). Potential exposure to COVID-19 does not entitle Perez to compassionate release.

Finally, Perez asserts that during his incarceration, his "rehabilitation has improved greatly," and notes that he wishes for his daughter "to have someone in her life that gives her some guidance, security and stability." (CR Mot. 3.) The law is clear that "rehabilitation alone shall not be considered an extraordinary and compelling reason" for a sentence reduction. *Brooker*, 976 F.3d at 238 (alterations adopted and emphasis omitted) (quoting 28 U.S.C. § 994(t)). Moreover, "if wanting to be with your children constituted an extraordinary and compelling reason for a reduction of sentence, almost every defendant would qualify." *United States v. Corin*, 10-CR-391-64, 2020 WL 5898703, at *4 (S.D.N.Y. Oct. 5, 2020). Perez's commendable rehabilitation and his desire to play a larger role in his daughter's life do not constitute extraordinary and compelling circumstances warranting compassionate release.

Furthermore, even if Perez had demonstrated extraordinary and compelling circumstances, the factors under 18 U.S.C. § 3553(a) counsel against reducing his sentence.

Perez's guideline range was 262 to 327 months' imprisonment, so his sentence of 144 months' imprisonment represented a substantial variance. In addition, at the time of his arrest, Perez (1) possessed a firearm after being convicted of a crime carrying a sentence of more than one year, (2) possessed heroin and cocaine, (3) possessed a firearm in relation to his narcotics possession, (4) and committed the offenses of conviction while on probation. On this record, I cannot make a finding that Perez would not pose "'a danger to the safety of any other person or to the community.'" *Garcia*, 758 F. Supp. 3d at 52 (quoting USSG § 1B1.13(a)(2)). Therefore, "releasing [him early] would undermine several of the 3553(a) factors," including "the nature and seriousness of the offense." *United States v. Francis*, 17-CR-753-1, 2020 WL 7247180, at *2 (S.D.N.Y. Dec. 9, 2020). I also find it would undermine "the need for the sentence imposed . . . to reflect the seriousness of the offense" and "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a)(2), (6).

Perez has not shown an entitlement to compassionate release. Thus, his motion is DENIED.

21

IV.    <u>**Conclusion**</u>

For the foregoing reasons, Perez's § 2255 and § 3582 motions are DENIED.

The Clerk of Court is respectfully directed to (1) terminate the pending motions at Docs. 29, 54, 57, and 58 in No. 16-CR-49-1, (2) to terminate the pending motion at Doc. 8 in No. 17-CV-5116, and (3) to mail a copy of this Opinion & Order to Perez (Reg. No. 75450-054) at FCI Allenwood Medium.

SO ORDERED.

Dated: June 3, 2025
       New York, New York

_____
Vernon S. Broderick
United States District Judge

22